
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 29 2008
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROY EDWARD MORGAN JR., §
    Petitioner, §
§
v. § Civil Action No. 4:08-CV-150-A
§
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
    Respondent. §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

##### B. PARTIES

Petitioner Roy Edward Morgan Jr., TDCJ # 1285295, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

##### C. FACTUAL AND PROCEDURAL HISTORY

On October 20, 1997, pursuant to a plea bargain agreement, Morgan pled guilty to indecency

with a child in the 213th District Court of Tarrant County, Texas, and was placed on ten years' deferred adjudication community supervision. (Clerk's R. at 16) Due to various violations of the conditions of his community supervision, the state moved, on more than one occasion, to proceed to an adjudication of Morgan's guilt. (*Id.* at 19, 24, 28-29, 34, 36-37, 38, 42) Ultimately, on February 8, 2005, Morgan entered an open plea to the trial court, and the court proceeded to an adjudication of guilt and assessed punishment at nine years' confinement. (*Id.* at 58-59) The Tenth District Court of Appeals of Texas affirmed the trial court's judgment on January 11, 2006. *Morgan v. Texas*, No. 10-05-176-CR, slip op. (Tex. App.–Waco Jan. 11, 2006) (not designated for publication). Morgan did not file a petition for discretionary review. (Petition at 3; Resp't Preliminary Response, Exh. A)

On April 17, 2006, Morgan filed his first federal petition for habeas relief, which was dismissed on May 3, 2007, without prejudice on exhaustion grounds. *Morgan v. Quarterman*, Civil Action No. 4:06-CV-288-A. Morgan has filed three state applications for habeas relief. The first, filed on April 13, 2005, was dismissed because his direct appeal was still pending. *Ex parte Morgan*, Application No. WR-61,953-01 at cover. The second, filed on July 10, 2006, was dismissed for noncompliance with rule 73.1 of the Texas Rules of Appellate Procedure. *Id.*, Application No. WR-61,953-02, at cover. The third, filed on April 18, 2007, was denied by the Texas Court of Criminal Appeals on May 23, 2007. *Ex parte Morgan*, Application No. WR-61,953-03, at cover. Morgan filed this second federal petition on February 24, 2008.[1] As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations, to which

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

Morgan replied.

D. ISSUES

In this petition, Morgan raises two grounds complaining of ineffective assistance of trial counsel and a fraudulent finance report. (Petition at 7)

E. STATUTE OF LIMITATIONS

Quarterman argues that Morgan's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Preliminary Response at 4-7) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment adjudicating Morgan's guilt became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment adjudicating guilt became final and the one-year limitations period began to run upon expiration of the time that Morgan had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on February 10, 2006, and closed on February 10, 2007, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Morgan's first state habeas application filed while his direct appeal was still pending and before the statute of limitations began to run did not operate to toll the limitations period under § 2244(d)(2). His second application dismissed for noncompliance with rule 73.2 did not operate to toll the limitations period under the statutory tolling provision because it was not "properly filed." *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). Nor did his first federal petition or his third state habeas application, filed after the statute of limitations had already expired, operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Further, Morgan has failed to allege or demonstrate that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

On the other hand, Morgan asserts that subsection (D)–the date on which the factual predicate of his claims could have been discovered through the exercise of due diligence, applies

to his case. Among the conditions of Morgan's community supervision, were conditions that he pay various fees and fines. Morgan asserts the "community supervision accountants" engaged in "bad accounting" and submitted a fraudulent finance statement to the courts. (Pet'r Memorandum of Law at 3-7) According to Morgan, beginning in 1999, he paid the fees and fines but the payments were extorted by the community supervision accountants, and thus he was overcharged and often forced to pay double the amounts. He claims he first discovered this fact in September 2006 when he read a July 26, 2006, article published in the Fort Worth Star Telegram, entitled "Sloppy records faulted in audit," involving city bookkeeping and financial errors going back to 1997. (*Id.*, Exh. B) He claims he requested his family obtain a copy of the article for him, which he received in April 2007. (Pet'r Preliminary Response at 2-3) Accordingly, he argues the limitations period should start in April 2007. Having read the article in question, Morgan's arguments are not persuasive.

Morgan's petition was due on or before February 10, 2007. Accordingly, his petition filed on February 24, 2008, is untimely.

## II. RECOMMENDATION

Morgan's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 19, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 19, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 29, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE